Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
Veronica M. Keithley (Bar No. 1411100)
veronica.keithley@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for ConocoPhillips Alaska, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, CENTER FOR BIOLOGICAL DIVERSITY, GREENPEACE, INC., and FRIENDS OF THE EARTH,<br><br>                            Plaintiffs,<br><br>v.<br><br>RYAN ZINKE, in his official capacity as Secretary of the Interior, KAREN MOURITSEN, in her official capacity as Acting Alaska State Director of the Bureau of Land Management; and BUREAU OF LAND MANAGEMENT,<br><br>                            Defendants. | Case No.: 3:18-cv-00031-SLG<br><br>CONOCOPHILLIPS ALASKA, INC.'S [PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

# ANSWER OF CONOCOPHILLIPS ALASKA, INC.

Intervenor-Defendant ConocoPhillips Alaska, Inc. (ConocoPhillips) answers plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows, in paragraphs numbered to correspond to the paragraph numbers in the Complaint.

## SUMMARY

1. Paragraph 1 states plaintiffs' characterization of their lawsuit and therefore does not require a response. ConocoPhillips denies that the Bureau of Land Management (BLM) failed to fulfill its obligations under the National Environmental Policy Act (NEPA).

2. Paragraph 2 states plaintiffs' characterization of scientific and factual matters that are addressed in the National Petroleum Reserve – Alaska (NPR-A) Integrated Activity Plan and Environmental Impact Statement at issue in this lawsuit (IAP/EIS) and associated agency documents. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS and associated agency documents, ConocoPhillips denies them.

3. In response to paragraph 3, ConocoPhillips admits that BLM held NPR-A lease sales pursuant to the IAP/EIS and in part supported its decisions to carry out those lease sales with Determinations of NEPA Adequacy (DNA). Otherwise, the first, second, third, and fourth sentences of paragraph 3 state plaintiffs' characterizations of agency documents, which require no response as the documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the agency documents, ConocoPhillips denies them. ConocoPhillips denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4. In response to paragraph 4, ConocoPhillips states that the Court's jurisdiction and proper venue are matters of law that do not require a response, and further states that the cited federal laws speak for themselves.

## PLAINTIFFS

5. ConocoPhillips is without information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

6. ConocoPhillips is without information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7. ConocoPhillips is without information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. ConocoPhillips is without information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. ConocoPhillips denies the last sentence of paragraph 9. ConocoPhillips is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies them.

10. ConocoPhillips denies the allegations of paragraph 10.

11. ConocoPhillips denies the last sentence of paragraph 11. ConocoPhillips is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies them.

## DEFENDANTS

12. Paragraph 12 states plaintiffs' characterization of their lawsuit and does not require a response.

13. Paragraph 13 states plaintiffs' characterization of their lawsuit and does not require a response.

14. In response to paragraph 14, ConocoPhillips admits that BLM is a federal agency within the United States Department of the Interior with responsibility for administering certain aspects of the NPR-A.

## LEGAL BACKGROUND

I. NATIONAL ENVIRONMENTAL POLICY ACT

15. Paragraph 15 states conclusions of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

16. Paragraph 16 states conclusions of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

17. Paragraph 17 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

18. Paragraph 18 states conclusions of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

19. Paragraph 19 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

20. Paragraph 20 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

21. Paragraph 21 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

22. Paragraph 22 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

23. Paragraph 23 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

# FACTUAL BACKGROUND

## I.   CLIMATE CHANGE AND THE ARCTIC

24.     The allegations of paragraph 24 are overly broad, vague and ambiguous, and are denied on those bases. ConocoPhillips recognizes that human activity, including the burning of fossil fuels, is contributing to increased concentrations of greenhouse gases (GHG) in the atmosphere that can lead to adverse changes in global climate. While uncertainties remain, ConocoPhillips continues to manage GHG emissions in our operations and to integrate climate change-related activities and goals into our business planning.

25.     Paragraph 25 states plaintiffs' characterizations of scientific and technical matters that are addressed in the IAP/EIS and other agency documents relevant to this lawsuit. Plaintiffs' characterizations require no response as the IAP/EIS and agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS and other agency documents, ConocoPhillips denies them. The allegations of paragraph 25 are also vague and ambiguous, and are denied on those bases as well. ConocoPhillips recognizes that human activity, including the burning of fossil fuels, is contributing to increased concentrations of GHG in the atmosphere that can lead to adverse changes in global climate. While uncertainties remain, ConocoPhillips continues to manage GHG emissions in our operations and to integrate climate change-related activities and goals into our business planning.

26.     To the extent the allegations of paragraph 26 state plaintiffs' characterizations of alleged findings, agreements, and other documents, plaintiffs' characterizations require no response as those findings, agreements, and documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with those findings, agreements, and documents, ConocoPhillips denies them. The remaining allegations of paragraph 26 are vague and ambiguous, and are denied on those bases. ConocoPhillips recognizes that human activity, including the burning of fossil fuels, is contributing to increased concentrations of GHG in the atmosphere that can lead to adverse changes in global climate. While uncertainties remain, ConocoPhillips continues to manage GHG emissions in our operations and to integrate climate

change-related activities and goals into our business planning.

27. In response to paragraph 27, ConocoPhillips admits that the oil market is a competitive global market. The remaining allegations of paragraph 27 are vague, ambiguous, and speculative, and are denied on those bases.

28. ConocoPhillips is without information sufficient to form a belief as to the truth of the first, second, and fourth sentences of paragraph 28, and therefore denies them. The third sentence of paragraph 28 states plaintiffs' characterization of agency findings, which requires no response as the agency findings speak for themselves. To the extent plaintiffs' allegations are inconsistent with those agency findings, ConocoPhillips denies them.

II. THE NATURAL VALUES OF THE RESERVE AND BLM'S OBLIGATION TO PROTECT THEM

29. Paragraph 29 states plaintiffs' characterizations of federal decisions and law, which require no response as the applicable decisions and law speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable federal decisions and law, ConocoPhillips denies them.

30. Paragraph 30 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

31. Paragraph 31 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

32. Paragraph 32 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

33. Paragraph 33 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

34. The first sentence of paragraph 34 states plaintiffs' characterization of legislative

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900    Fax 206.386.7500

history, which requires no response as the cited legislative history speaks for itself. To the extent plaintiffs' allegations are inconsistent with the cited legislative history, ConocoPhillips denies them. The remaining allegations of paragraph 34 state plaintiffs' characterizations of scientific and factual matters that are addressed in the IAP/EIS and associated agency documents, which require no response as the IAP/EIS and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS and associated agency documents, ConocoPhillips denies them.

35. Paragraph 35 states plaintiffs' characterizations of scientific and factual matters that are addressed in the IAP/EIS and associated agency documents, which require no response as the IAP/EIS and associated agency documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS and associated agency documents, ConocoPhillips denies them.

36. Paragraph 36 states plaintiffs' characterizations of scientific and factual matters that are addressed in the IAP/EIS and associated agency documents, which require no response as the IAP/EIS and associated agency documents speak from themselves. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS and associated agency documents, ConocoPhillips denies them.

III. THE INTEGRATED ACTIVITY PLAN AND BLM'S MANAGEMENT OF THE RESERVE

37. The first four sentences of paragraph 37 state plaintiffs' characterizations of federal processes that are governed by federal laws and regulations, which require no response as the applicable laws and regulations speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable laws and regulations, ConocoPhillips denies them. The last sentence of paragraph 37 states a conclusion of law, which requires no response as the applicable law speaks for itself.

38. Paragraph 38 states plaintiffs' characterizations of the IAP/EIS, which require no response as the IAP/EIS speaks for itself. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS, ConocoPhillips denies them.

39. Paragraph 39 states plaintiffs' characterizations of the IAP/EIS, which require no response as the IAP/EIS speaks for itself. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS, ConocoPhillips denies them.

40. Paragraph 40 states plaintiffs' characterizations of the IAP/EIS and associated Record of Decision (ROD), which require no response as the IAP/EIS and ROD speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS or ROD, ConocoPhillips denies them.

41. Paragraph 41 states plaintiffs' characterizations of the IAP/EIS, which require no response as the IAP/EIS speaks for itself. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS, ConocoPhillips denies them.

IV. THE 2016 AND 2017 LEASE SALES

42. In response to paragraph 42, ConocoPhillips admits that BLM has held annual lease sales under the IAP/EIS since 2013. The remaining allegations of paragraph 42 state plaintiffs' characterizations of the lease sales and associated federal documents, which require no response as the lease sales and associated federal documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the lease sales and associated federal documents, ConocoPhillips denies them.

43. In response to paragraph 43, ConocoPhillips admits that it acquired leases in the 2016 NPR-A lease sale. The remaining allegations of paragraph 43 state plaintiffs' characterization of the lease sales and associated federal documents, which require no response as the lease sales and associated federal documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the lease sales and associated federal documents, ConocoPhillips denies them.

44. Paragraph 44 states plaintiffs' characterizations of the 2017 lease sale and associated federal documents, which require no response because the 2017 lease sale and associated federal documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the 2017 lease sale and associated federal documents, ConocoPhillips denies

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

them.

45. The allegations of paragraph 45 are speculative, vague, and ambiguous, and are denied on those bases.

46. The allegations of paragraph 46 are speculative, vague, and ambiguous, and are denied on those bases.

47. The allegations of paragraph 47 are speculative, vague, and ambiguous, and are denied on those bases.

48. The allegations of paragraph 48 are speculative, vague, and ambiguous, and are denied on those bases.

49. In response to the first sentence of paragraph 49, ConocoPhillips admits that oil and gas development is occurring in some portions of the northeastern NPR-A and, except as admitted, denies the allegations on the basis that they are vague and ambiguous. In response to the second sentence of paragraph 49, ConocoPhillips admits that it is exploring on some of its leases in the NPR-A and, except as admitted, denies the allegations on the basis that they are vague and ambiguous. In response to the third sentence of paragraph 49, ConocoPhillips admits that Caelus announced a discovery in Smith Bay in 2016 and that ConocoPhillips announced a discovery at the Willow prospect in 2017, and, except as admitted, denies the allegations on the basis that they are vague and ambiguous. In response to the first clause of the fourth sentence of paragraph 49, ConocoPhillips, based on information and belief, admits that Armstrong Energy or its successor in interest is seeking permits for a project near the NPR-A, and, except as admitted, denies the allegations based on lack of sufficient information. In response to the second clause of the fourth sentence of paragraph 49, ConocoPhillips admits that construction of the Greater Mooses Tooth-1 satellite began in early 2017 and continues to be in progress and, except as admitted, denies the allegations on the basis that they are vague and ambiguous.

50. ConocoPhillips denies the first sentence of paragraph 50. The remaining allegations of paragraph 50 state plaintiffs' characterizations of federal permits and associated documents, which require no response because the federal permits and associated documents

speak for themselves. To the extent plaintiffs' allegations are inconsistent with those permits and documents, ConocoPhillips denies them.

51. The allegations of paragraph 51 are speculative, vague, and ambiguous, and are denied on those bases.

52. ConocoPhillips denies the first and last sentences of paragraph 52. The remaining allegations of paragraph 52 state plaintiffs' characterizations of federal documents and decisions, which require no response because the federal documents and decisions speak for themselves. To the extent plaintiffs' allegations are inconsistent with those federal documents and decisions, ConocoPhillips denies them.

## CLAIMS FOR RELIEF

I. FIRST CLAIM FOR RELIEF

53. ConocoPhillips admits and denies the allegations of paragraph 53 as stated above.

54. Paragraph 54 states a conclusion of law and plaintiffs' characterization of law, which require no response as the cited law speaks for itself. To the extent plaintiffs' allegations are inconsistent with the cited law, ConocoPhillips denies them.

55. Paragraph 55 states conclusions of law and plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, ConocoPhillips denies them.

56. Paragraph 56 states plaintiffs' characterizations of the IAP/EIS and associated documents, which require no response as the IAP/EIS and associated documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS and associated documents, ConocoPhillips denies them.

57. ConocoPhillips is without information sufficient to form a belief as to the truth of the allegations of paragraph 57, and therefore denies them.

58. ConocoPhillips denies the allegations of paragraph 58.

II. SECOND CLAIM FOR RELIEF

59. ConocoPhillips admits and denies the allegations of paragraph 59 as stated above.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

60. Paragraph 60 states plaintiffs' characterizations of law, which require no response as the cited law speaks for itself. To the extent plaintiffs' allegations are inconsistent with the cited law, ConocoPhillips denies them.

61. Paragraph 61 states plaintiffs' characterizations of the IAP/EIS and associated documents and decisions, which require no response as the IAP/EIS and associated documents and decisions speak for themselves. To the extent plaintiffs' allegations are inconsistent with the IAP/EIS and associated documents and decisions, ConocoPhillips denies them.

62. ConocoPhillips is without information sufficient to form a belief as to the truth of the allegations of paragraph 62, and therefore denies them.

63. ConocoPhillips is without information sufficient to form a belief as to the truth of the allegations of first sentence of paragraph 63, and therefore denies them. ConocoPhillips denies the remaining allegations of paragraph 63.

## PRAYER FOR RELIEF

64. ConocoPhillips denies that plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs 1 through 5 of the Prayer for Relief.

65. Except as expressly admitted in this Answer, ConocoPhillips denies each and every allegation contained in plaintiffs' Complaint and the whole thereof.

## **CONOCOPHILLIPS' AFFIRMATIVE DEFENSES**

ConocoPhillips asserts the following affirmative defenses:

1. Plaintiffs' claims are barred by the applicable statute of limitations.

2. Plaintiffs have failed to state a claim for which relief may be granted.

3. Plaintiffs lack standing to bring their claims.

4. This Court lacks jurisdiction over some or all of plaintiffs' claims.

5. Some or all of plaintiffs' claims are barred by the doctrines of ripeness, laches, or exhaustion of administrative remedies.

6. ConocoPhillips refers the right to amend or supplement these affirmative defenses

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

as appropriate.

WHEREFORE, ConocoPhillips, having fully answered the allegations contained in plaintiffs' Complaint, respectfully requests that this Court enter a judgment dismissing the Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED:

STOEL RIVES LLP

By:_____
RYAN P. STEEN
JASON T. MORGAN
VERONICA M. KEITHLEY
Attorneys for ConocoPhillips Alaska, Inc.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500